UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NO.: 1:15-cv-11675

| | | |
|---|---|---|
| VONDERAY WIGGINS,<br>　　　　　Plaintiff, | )<br>)<br>) | |
| v. | ) | COMPLAINT |
| | ) | |
| MASSACHUSETTS BAY<br>TRANSPORTATION<br>AUTHROITY | )<br>)<br>) | PLAINTIFF CLAIMS TRIAL BY JURY |
| | ) | |
| 　　　　　Defendant. | ) | |

General Allegations

1. The plaintiff Vonderay Wiggins is an individual with a place of residence in Boston, Suffolk County, Commonwealth of Massachusetts

2. The defendant Massachusetts Bay Transportation Authority is an agency of the Commonwealth of Massachusetts.

3. That this action arises after the plaintiff brought a claim with the United States Equal Employment Opportunity Commission.

Factual Allegations

1. That on or about December 23, 2010, the plaintiff Vonderay Wiggins filed a complaint with the Massachusetts Commission Against Discrimination against her employer the

defendant Massachusetts Bay Transportation Authority alleging discrimination based on race/color and disability.

2. That on January 1, 2012, the plaintiff Vonderay Wiggins was subjected to verbal harassment by a customer while working for the defendant Massachusetts Bay Transportation Authority. Ms. Wiggins shut the door to he booth to end harassment but was chastised by her supervisor for doing so and was told "the customer is always right".

3. That on January 31, 2012, the plaintiff Vonderay Wiggins was stationed at the Tufts/New England Medical Center Station when Boston police officers conducted a drug bust at the station. Ms. Wiggins was seen talking to the police, and she became concerning she might become a target for reprisal. Ms. Wiggins requests for a transfer were denied and she remained at the Tufts/New England Station in distress. Ms. Wiggins believes the request for a transfer was ignored due to retaliation for filing the complaint with the Massachusetts Commission Against Discrimination.

4. That on April 24, 2012, the plaintiff received a probable cause finding on her complaint filed with the Massachusetts Commission Against Discrimination on December 23, 2010.

5. That on June 9, 2012, Ms. Wiggins worked overtime from 9:20 p.m.-1:00 a.m. After Ms. Wiggins got off her shift she received a call at 2:00 a.m. from an employee of the defendant identified as Jasmine. Jasmine wanted to know the hours the plaintiff worked. However Jasmine had access to the log book the plaintiff recorded her hours in and thus

      already had the information she was requesting. This call at this hour was meant solely to harass the plaintiff.

6. On June 15, 2012, the plaintiff was issued an "AWOL" by Nikki Harding, an employee of the defendant, because the Chief Inspector on duty that day did not believe the plaintiff appeared for work. Ms. Harding refused to take the plaintiff's phone calls after she issued the "AWOL" On July 10, 2012, the plaintiff had a meeting with the Chief Director of Trains Susie who showed the plaintiff video what was believed the plaintiff arriving late for her shift. Susie was then able to determine after watching the video that the person in the video was not the plaintiff. The plaintiff maintains she appeared for her shift on time.

7. On June 27, 2012, the plaintiff received a note from her doctor who had treated her for lower back pain and pain in her knee and leg saying she could return to work. The plaintiff contacted the office of the defendant on June 29, 2012, and after submitting her doctor's note confirmed she would be returning to work on July 2, 2012. On July 1, 2012, the plaintiff contacted Jasmine to see what her work schedule would be. Jasmine told the plaintiff that her file read "out until further notice". There was no mention of the plaintiff returning to work on July 2, 2012.

8. That the defendant the Massachusetts Bay Transportation Authority conducted a pattern of behavior designed to harass the plaintiff Vonderay Wiggins in retaliation for filing a Complaint with the Massachusetts Commission Against Discrimination and then for getting a finding of probable cause on that Complaint.

<u>Count I</u>     <u>The Plaintiff Vonderay Wiggin's Cause of Action For Retaliation Pursuant To Title VII of the Civil Rights Act Against The Defendant Massachusetts Bay Transportation Authority</u>

1. That that the plaintiff repeats the allegations contained in paragraphs one through three of the General Allegations and one through eight of the factual allegations.

2. That the defendant Massachusetts Bay Transportation Authority conducted a pattern of behavior harassing the plaintiff in retaliation of the plaintiff filing a Complaint against the defendant with the Massachusetts Commission Against Discrimination.

3. That as a result of this behavior the plaintiff suffered emotional distress and monetary damages due to loss of wages.

Wherefore the plaintiff Vonderay Wiggins demands judgment against the defendant Massachusetts Bay Transportation Authority in an amount as the evidence might prove at trial, plus interest, costs and attorney's fees, as well as punitive damages.

Respectfully Submitted,

        The Plaintiff,
By Her Attorney,

/s/Edward J. McCormick, III
Edward J. McCormick, III
McCormick & Maitland
Suite Six – Hayward Manor
195 Main Street
Franklin, MA  02038
(508) 520-0333
BBO #329780